IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VÍCTOR VARGAS,

Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant

CIVIL 04-1020 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 4, 2004, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits. The defendant filed a memorandum in support of the final decision on June 6, 2004 (Docket No. 9) and plaintiff filed a memorandum against such final decision on July 30, 2004. (Docket No. 10.)

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole. In order to be entitled to such benefits, plaintiff must establish that he was disabled under the Act at any time on or before December 5, 2002, the date of the final decision. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, the administrative law judge entered the following findings:

    1.    The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in

CIVIL 04-1020 (JAG) 2

> Section 216(i) of the Social Security Act and is insured of benefits through the date of this decision.
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).
> 7. The claimant has the following residual functional capacity: a full range of medium work.
> 8. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).
> 9. The claimant is an "individual of advanced age" (20 CFR § 404.1563).
> 10. The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).
> 11. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR § 404.1568).
> 12. The claimant has the residual functional capacity to perform substantially all of the full range of medium work (20 CFR § 404.1567).
> 13. Based on an exertional capacity for medium work, and the claimant's age, education, and work experience, Medical-Vocational Rule 203.14, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."
> 14. The claimant's capacity for medium work is substantially intact and has not been compromised by any nonexertional limitations. Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.
> 15. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

Tr. at 27-28.

Plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137 (1987). A finding of disability requires that plaintiff be unable to perform any substantial

CIVIL 04-1020 (JAG)                              3

gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability does not qualify a claimant for benefits. See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965).

The administrative law judge noted in his rationale that the plaintiff has a history of ischemic heart disease, S/P coronary angioplasty, stable hepatomegaly, and mild to moderate osteoarthritis. (Tr. at 24.) Plaintiff's blood pressure was well controlled with medication. Plaintiff has generalized arthritic pain. This pain is controlled with medication. Plaintiff's treating physicians, Dr. Michael Babilonia[1] and Dr. Nestor Feliz Méndez[2], submitted physical residual functional capacity assessments of sedentary and less than sedentary work. (Tr. at 181-83, 212-15, 222-25.)

A physical residual functional capacity assessment by Dr. Iván F. Arzola dated April 23, 2001, and affirmed by Dr. Rodríguez de la Obra on November 14, 2001, found minimal exertional limitations. (Tr. at 197-04.) An internist medicine evaluation by Dr. Antonio Aponte Gracía made on March 28, 2001 resulted in a diagnosis of status post coronary angioplasty, stable; angina pectoris, stable;

---

[1] Dr. Babilonia saw plaintiff on June 19 and July 23, 2001.

[2] Dr. Feliz Méndez first saw plaintiff on June 16, 2000 and last saw plaintiff on December 15, 2000.

CIVIL 04-1020 (JAG)                    4

hepatosplenomegaly, cause unknown; hyperlipidemia; depression disorder; osteoarthritis, mild to moderate. (Tr. at 187-96.)

The administrative law judge ended the sequential inquiry at step five. At this level, it has already been determined that the claimant cannot perform any work he has performed in the past due to a severe impairment or combination of impairments. The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work. If the claimant cannot, a finding of disability will follow. See 20 C.F.R. § 404.1520(f). At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the above factors. See Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lancelotta v. Sec'y of Health & Human Servs., 806 F.2d 284 (1st Cir. 1986); Vázquez v. Sec'y of Health & Human Servs., 683 F.2d 1, 2 (1st Cir. 1982).

In relation to the exertional and non-exertional impairments, the administrative law judge weighed the same, using the GRID. For example, if the claimant's limitations are exclusively exertional, the Commissioner can meet her burden through the use of a chart contained in the Social Security regulations. 20 C.F.R. § 416.969; Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, tables 1-3 (2001), cited in 20 C.F.R. § 416.969; Heckler v. Campbell, 461 U.S. 458 (1983). The GRID, as it is known, consists of a matrix of the claimant's exertional capacity, age, education, and work experience. If the facts of the claimant's situation fit within the GRID's categories, the GRID "directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(a), cited in 20 C.F.R § 416.969. In general, when a nonexertional limitation is found to impose no significant restriction on the range of work a claimant is

CIVIL 04-1020 (JAG)                     5

exertionally able to perform, reliance on medical-vocational guidelines is appropriate. See Rose v. Shalala, 34 F.3d 13, 15 (1st Cir. 1994); Sherwin v. Sec'y of Health & Human Servs., 685 F.2d 1, 2-3 (1st Cir. 1982). Even where a nonexertional impairment is significant, the GRID may still be used as "a framework for consideration of how much the individual's work capability is further diminished . . . . " 20 C.F.R. pt. 404 subpt. P. app. 2, § 200.00(e)(2) (1997); Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989); Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). Thus, if the applicant has nonexertional limitations, such as mental, sensory, or skin impairments, (see 20 C.F.R. pt. 404 subpt. P. app. 2, § 200(e)), that restrict his ability to perform jobs he would otherwise be capable of performing, then the GRID is only a "framework to guide [the] decision . " 20 C.F.R. § 416.969a(d) (2001); Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001). Using the GRID as a framework for decision-making, the administrative law judge decided that plaintiff could perform medium work.

The administrative law judge considered Dr. Feliz and Dr. Babilonia's reports and did not give them controlling weight, explaining the reasons why in his rationale. (Tr. at 24-25.) It is well settled that even the opinions of treating physicians are not entitled to greater weight merely because they are treating physicians. Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d at 3; Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982); Pérez v. Sec'y of Health, Educ. & Welfare, 622 F.2d 1 (1st Cir. 1980); Rosado-Lebrón v. Comm'r of Soc. Sec., 193 F. Supp. 2d 415, 417 (D.P.R. 2002). In general, the administrative law judge is not required to give the opinions controlling weight. See 20 C.F.R. § 404.1527(d); cf. Sánchez v. Comm'r of Soc. Sec., 270 F. Supp. 2d 218, 221 (D.P.R. 2003).

CIVIL 04-1020 (JAG)                                6

The administrative law judge further acknowledged the presence of a condition which could produce pain. As the administrative law judge noted in his rationale, these were required to be considered under SSR 96-2p, 96-6p, 96-7p and 20 C.F.R. §§ 404.1527, 404.1529 (Tr. at 25); see Avery v. Sec'y of Health & Human Servs., 797 F.2d 19 (1st Cir. 1986). The factors to be weighed under the correct standard are the following:

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); see also SSR 96-7p.

The administrative law judge did not generally address the required factors within the rationale. Indeed, upon enunciating the requisite standard, the administrative law judge limited his discussion to what he had observed of plaintiff at the administrative hearing held on November 8, 2002. (Tr. at 25.) A review of the rationale reveals glancing references, if any, to the Avery standard.

Looking at the evidence as a whole, I cannot find that the Commissioner's decision has complied with the requirements of the substantial evidence rule. At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy which plaintiff can perform. The administrative law judge focused his rationale on exertional limitations as well as pain. However, a

CIVIL 04-1020 (JAG)                              7

clear determination of plaintiff's physical residual functional capacity is not present, particularly if one considers the burden-shifting of step five. Plaintiff's two treating physicians presented physical residual functional capacity assessments, discounted by the administrative law judge, which conflict significantly with the ones by non-examining physicians. The explanation for the physical residual functional capacity assessments of the non-treating physicians is scanty. (Tr. at 199.) The administrative law judge is skeptical of the assessments of the treating physicians to the point where he questions if the treatment ever took place. (Tr. at 25.) Thus, in my opinion, the record suffers from a vacuum related to assessments which are capable of translating this complicated medical record into functional terms.

     Plaintiff complained of pain, weakness and limitations throughout the administrative hearing, especially of his right hand and arm. The administrative law judge generically makes reference to strength demands of medium work, no more than 50 lbs. at a time, but ignores the allegation of pain, weakness, and limitations in the right hand. (Tr. at 236-39.) He then concludes that plaintiff, an individual of advanced age, can meet the demands of router, escort, and stenciller, while not attributing any deference to treating sources because he questions if treatment was ever conducted, based in part on illegible medical records. (Tr. at 26.) At step five, I believe that this non-adversary proceeding needs more in order to comply with the substantial evidence rule. I also believe that it is better to err on the side of caution and require the presentation of expert guidance for the administrative law judge in the form of vocational evidence related to functional ability.

     There being good cause to remand, I recommend that the final decision of the Commissioner be vacated and that the case be remanded for further proceedings consistent with the above.

CIVIL 04-1020 (JAG)                            8

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 10th day of October, 2005.


                                        S/ JUSTO ARENAS
                                  Chief United States Magistrate Judge